# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CIVIL ACTION NO. 1:06-CV-1130 |
| ANGEL M. MARTINEZ & : | |
| EVANGELINA D. MARTINEZ, : | (Judge Conner) |
| Debtors : | |
| UNITED STATES OF AMERICA : | |
| INTERNAL REVENUE SERVICE, : | |
| Appellant : | |
| v. : | |
| ANGEL M. MARTINEZ & : | |
| EVANGELINA D. MARTINEZ, : | |
| Appellees : | |

## **MEMORANDUM**

Presently before the court is an appeal from the decision of the United States Bankruptcy Court for the Middle District of Pennsylvania limiting allocation of Appellant-creditor's setoff of certain federal income tax refunds against some of Appellee-debtors' pre-petition federal tax liabilities to priority tax liabilities only. Appellant, the United States Internal Revenue Service ("IRS"), concedes that setoff is within the discretion of the bankruptcy court, but argues that once the bankruptcy court decides to allow setoff, the IRS is statutorily permitted to apply the setoff against any of the debtors' liabilities to the IRS. Appellees, Angel and Evangelina Martinez, counter that the decision regarding how to apply setoff, like

the decision whether to permit setoff in the first instance, is committed to the discretion of the bankruptcy court.

The question presented is two-fold. First, the court must determine whether the bankruptcy court's equitable discretion regarding setoff extends to the allocation of setoff. Second, the court must determine whether the bankruptcy court's decision to restrict application of the setoff to the IRS's priority claim was proper given the governing standard of review. The court finds that decisions regarding setoff allocation lie within the equitable discretion of the bankruptcy court; however, the existing record fails to provide an adequate basis to assess whether the bankruptcy court properly exercised its discretion here. Accordingly, the court will remand this matter to the bankruptcy court for a more detailed explanation of its reasoning.

## I.     Statement of Facts

Appellees filed a voluntary joint petition for relief pursuant to Chapter 13 of the Bankruptcy Code ("the Code"), 11 U.S.C. §§ 101-1330, on January 6, 2005. (Doc. 2-2.) After various filings, the IRS held a pre-petition claim totaling $128,674.80 against the debtors (Doc. 2-8 ¶ 2), consisting of a $92,439.88 unsecured priority claim and a $36,234.92 unsecured general claim (Doc. 7 ¶ 2). (See also Doc 8 at 2.)

The debtors filed federal income tax returns for 2002, 2003, and 2004, claiming refunds for overpayments of $2,128, $2,565, and $2,362, respectively. (Doc. 2-8 ¶ 3.) On February 22, 2006, Appellant filed a motion for relief from Chapter 13's automatic stay to permit setoff of the debtors' pre-petition overpayments against

their outstanding pre-petition tax liabilities.[1]  (Doc. 2-8.)  Debtors filed an answer to the motion on March 6, 2006, stating they had no objection to the setoff, as long as it was applied to the IRS's unsecured priority claim only.  (Doc. 2-12.)

On April 25, 2006, the bankruptcy court held a hearing regarding the motion.  (See Doc. 7, Ex. 101, Mot. for Relief from Stay Hr'g Tr., Apr. 25, 2006.)  At that hearing, the bankruptcy court considered § 553 of the Code, 11 U.S.C. § 553, and found that it did not "necessarily compel the finding that the IRS has the discretion to decide [how to allocate setoff] in every situation." (Id. 2:8-3:19.)  The bankruptcy court indicated that "under the facts of this case" it was inclined to grant the IRS relief from the automatic stay to setoff the debtors' pre-petition refunds against their pre-petition tax liabilities, but only against the IRS's unsecured priority claim.  (Id. 3:19-22.)  On April 27, 2006, the bankruptcy court issued an order to that effect.  (Doc. 2-14.)  The bankruptcy court's general statement at the April 25, 2006 hearing that its decision was based on "the facts of the case" was the only reason provided by the court for electing to allocate setoff solely to the IRS's priority claim.  (See id.; Hr'g Tr.)  The instant appeal followed.  (Doc. 1.)

---

[1] Creditors' setoff rights are automatically stayed when a Chapter 13 bankruptcy petition is filed; thus, a creditor must seek relief from the automatic stay in order to apply a setoff.   United States ex rel IRS v. Norton, 717 F.2d 767, 770 (3d Cir. 1983); see also 11 U.S.C. §§ 362, 553.

## II. <u>Standard of Review</u>

An appeal from an order of a bankruptcy court places the district court in the posture of an appellate tribunal, requiring it to accord the appropriate level of deference to the decision of the bankruptcy judge. <u>In re Sharon Steel Corp.</u>, 871 F.2d 1217, 1222 (3d Cir. 1989). The factual findings of the bankruptcy court should not be overturned unless "clearly erroneous." Fed. R. Bankr. P. 8013. The district court should overrule issues committed to the discretion of the bankruptcy court only if a manifest abuse of discretion is apparent. <u>Sharon Steel</u>, 871 F.2d at 1222. In contrast, the bankruptcy court's resolution of legal issues receives plenary review. <u>Id.</u> After completing its review of the record, the district court may "affirm, modify, or reverse" the order of the bankruptcy court, or remand any portion of its decision "with instructions for further proceedings." Fed. R. Bankr. P. 8013.

## III. <u>Discussion</u>

The threshold question before the court concerns the standard of review applicable to the bankruptcy court's determination regarding setoff allocation. As both parties acknowledge, the setoff decision lies within the equitable discretion of the bankruptcy court. <u>Norton</u>, 717 F.2d at 772. Section 553 of the Code, which the parties agree applies to the instant setoff decision, provides in part:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 553(a). Section 553 refers to exceptions in §§ 362 and 363, and includes language setting forth certain other exceptions, none of which are issues before the court on appeal.[2] The language of § 553 is "permissive, not mandatory" and "[i]ts application, when properly invoked before a court, rests in the discretion of that court, which exercises such discretion under the general principles of equality." Norton, 717 F.2d at 772 (internal quotations omitted).

However, § 553 of the Code does not create an independent right to setoff; rather, it preserves setoff rights that arise out of non-bankruptcy law. Id. The IRS's instant right to setoff arises from § 6402 of the Internal Revenue Code ("IRC"), 26 U.S.C. § 6402, which provides in part that "[i]n the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment." 26 U.S.C. § 6402(a). It is the interplay between Code § 553 and IRC § 6402 that guides Appellant's argument that once the bankruptcy court exercises its § 553 discretion to lift the stay and permit setoff, setoff is governed by the

---

[2] Appellees' brief contains an alternative argument invoking the applicability of the exception provided for in § 553(a)(3). (See Doc. 8 at 3-4.) This argument was not raised before the bankruptcy court; thus, it is not properly raised on appeal. See Hormel v. Helvering, 312 U.S. 552, 556-57 (1941) (Absent "exceptional cases or particular circumstances . . . where injustice may result," an appellate court "does not [ordinarily] give consideration to issues not raised below."). However, the court notes in passing that Appellees' argument appears to lack merit, given Appellees' failure to assert that the IRS debt was incurred "for the purpose of obtaining a right of setoff against the debtor[s]," as required for the exception to apply. See 11 U.S.C. § 553(a)(3).

language of § 6402. Thus, the IRS argues, any restriction to its right to apply setoff against "any liability" impermissibly interferes with the IRS's statutory discretion to apply an overpayment to a non-priority claim.

If, as the IRS maintains, setoff becomes an issue of statutory interpretation, it would constitute a legal issue entitled to plenary review. Sharon Steel, 871 F.2d at 1222. Appellees maintain, however, that the discretion afforded the bankruptcy court under § 553 extends beyond the initial decision regarding whether to lift an automatic stay and encompasses related decisions regarding setoff allocation. Case law, as well as the underlying policy of the Code, supports Appellees' position that the bankruptcy court may exercise its equitable discretion to restrict setoff solely to priority claims.

As previously noted, setoff is permissive and lies within the equitable discretion of the bankruptcy court. Norton, 717 F.2d at 772. However, "setoff is a favored remedy [that] should not be denied unless the allowance of setoff 'would not be consistent with the provisions of the Bankruptcy Act as a whole.'" In re Lawson, 187 B.R. 6, 8, (Bankr. D. Idaho 1995) (citing Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1165 (2d Cir. 1979)). "Once the IRS makes a *prima facie* showing of cause, the debtor can rebut by arguing that setoff would be inequitable." In re Sedlock, 219 B.R. 207, 211 (Bankr. N.D. Ohio).

6

When faced with a nearly identical issue, the United States Bankruptcy Court for the District of Oregon reasoned that § 553, in conjunction with § 105(a)[3] of the Code, provides the bankruptcy court with the discretion to delineate setoff allocation by invoking an exception to the general rule of setoff provided for in IRC § 6402.  In re Moore, 200 B.R. 687, 689-90 (Bankr. D. Or. 1996) (considering United States v. Energy Res. Co., Inc., 495 U.S. 545, 546 (1990), an analogous Chapter 11 case, where the Supreme Court held that a bankruptcy court had the authority to direct allocation of payments to the IRS for certain liabilities where "the bankruptcy court determine[d] that [the] designation [was] necessary to the success of a reorganization plan").

In Sedlock, the bankruptcy court declined to restrict allocation of setoff to priority claims, but nonetheless recognized that the allocation decision is a discretionary one based on equitable considerations.  See 219 B.R. at 210-11. Furthermore, some courts recognize that setoff restrictions are a natural extension of the bankruptcy court's discretion to deny setoff where warranted.  See, e.g., In re Stienes, 285 B.R. 360, 363 (Bankr. D. N.J. 2002) ("Notwithstanding the basic proposition . . . that a creditor's pre-petition setoff rights are generally not affected by the Bankruptcy Court, with limited exceptions, the application of setoff is

---

[3] Section 105(a) provides in part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

permissive and can be modified through the exercise of the equitable powers of the court.").

Finally, a finding that the court's setoff discretion extends to setoff allocation is consistent with the underlying policy of Chapter 13 of the Code and the function of the automatic stay. Chapter 13 "is designed to encourage and make possible the payment, rather than the discharge of debts" and to "enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period" free of harassment and other direct and indirect pressures. Norton, 717 F.2d at 773. The automatic stay serves this rehabilitation goal by "protect[ing] debtors from their creditors and creditors from themselves while a repayment plan is developed." Id. Although the nature of setoff is such that one creditor may improve its position at the expense of other creditors, see Sedlock, 219 B.R. at 211, the overarching goal of preserving the feasibility of a rehabilitation plan does not cease to be a relevant concern, see, e.g., Lawson, 187 B.R. at 8; Stienes, 285 B.R. at 363. Competing considerations of this sort are best served under an equitable discretion approach.

Therefore, the court finds that the abuse of discretion standard governs the court's review of the bankruptcy court's April 27, 2006 decision. However, the court finds that the instant record fails to provide an adequate basis for the court to conduct such review.

The bankruptcy court's statement that it limited setoff to the IRS's priority claim based on "the facts of this case" is simply too general to afford any insight into the equitable considerations that guided its decision. The court acknowledges Appellees' assertion that their ability to complete their payments under their Chapter 13 plan would otherwise be jeopardized (Doc. 8 at 2), but is unable to ascertain whether the bankruptcy court shared that view based on the current record. Accordingly, the court will remand the case to the bankruptcy court so that it may set forth a more detailed explanation of its reasoning.

An appropriate order will issue.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       January 29, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CIVIL ACTION NO. 1:06-CV-1130 |
| ANGEL M. MARTINEZ & : | |
| EVANGELINA D. MARTINEZ, : | (Judge Conner) |
| Debtors : | |
| UNITED STATES OF AMERICA : | |
| INTERNAL REVENUE SERVICE, : | |
| Appellant : | |
| v. : | |
| ANGEL M. MARTINEZ & : | |
| EVANGELINA D. MARTINEZ, : | |
| Appellees : | |

## ORDER

AND NOW, this 29th day of January, 2007, upon consideration of the bankruptcy appeal filed by Appellant (Doc. 1), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that the April 27, 2006 order of the United States Bankruptcy Court for the Middle District of Pennsylvania in the case docketed as Bankruptcy Petition No. 1:05-BK-00096 is VACATED and this matter is REMANDED to the bankruptcy court for further proceedings consistent with the accompanying memorandum.  The Clerk of Court is directed to CLOSE this appeal.

  S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge